■ In the Matter of GEORGE GIPP, an Infant, by ROBERT GIPP, His Father, Respondent, v. BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT No. 2, EAST WILLISTON, TOWN OF NORTH HEMPSTEAD, Appellant.— In a proceeding by an infant pursuant to statute (General Municipal Law, § 50-e, subd. 5), for leave to serve a late notice of claim for damages for personal injury, the Board of Education appeals from an order of the Supreme Court, Nassau County, entered November 29, 1963, which granted the application. Order reversed on the law and the facts, without costs, and application denied. Findings of fact implicit in the Special Term's decision reversed, and new findings made as indicated herein. It appears that the claimed injuries occurred on three separate dates: October 27, 1962, November 6, 1962 and November 10, 1962, and that the present application to Special Term was made returnable on November 6, 1963. It also appears that the claimant retained an attorney in January, 1963 and that the essential facts were concededly known to such attorney in the Summer of 1963. No valid reason for the delay in making the application is stated in the papers submitted in support thereof. In our opinion the delay was unreasonable (General Municipal Law, § 50-e, subd. 5; *Matter of Freifeld* v. *New York City Housing Auth.*, 17 A D 2d 854; *Matter of Lynn* v. *City of New York*, 18 A D 2d 1076, affd. 13 N Y 2d 955; *Matter of McEwan* v. *City of New York*, 279 App. Div. 802, affd. 304 N. Y. 628). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.